UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PAUL S. ANTHONY<br>JESSICA L. ANTHONY,<br><br>Plaintiffs,<br><br>v.<br><br>SHANNEN M. ANTHONY ,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

## COMPLAINT AND JURY DEMAND

By this action, Paul S. Anthony, and his spouse, Jessica L. Anthony (herein "Co-

Plaintiffs"), seek to recover damages from Shannen M. Anthony (herein "Defendant"), for

Defendant's willful and knowing violations of the Stored Communications Act, 18 U.S.C. §

2701, *et seq.*, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, the

Massachusetts Wiretap Law, M.G.L. c. 272 § 99, the Massachusetts Privacy Law, M.G.L. c.

214 § 1B, Unauthorized Access to a Computer system, M.G.L. c. 266 § 120F, Obtaining

Computer Services by Fraud or Other Misrepresentation, M.G.L. c. 266 § 33A, as well as

common law claims of intentional infliction of emotional distress, obstruction of justice and

defamation. As set forth more fully herein, in an effort to hurt Co-Plaintiffs' reputation by

falsely painting them as abusive, neglectful and/or unstable so as to cause them emotional

anguish and to gain an unfair advantage in the Massachusetts Probate Court matter concerning

the care of the two young children shared by Defendant and Co-Plaintiff, Paul S. Anthony, out

of a previous marriage, on at least January 10, 2018, the Defendant used the name, birthdate

and health insurance identification number of Co-Plaintiff, Paul S. Anthony, to fraudulently

create an online access identification or log-in name on the health insurance portal of the Co-Plaintiffs', without their knowledge or permission. Specifically, the Defendant pretended to be Mr. Paul S. Anthony, tying said fraudulently created log-in name to Defendant's own private e-mail address, in order to fraudulently and illegally gain access to the online health insurance portal Co-Plaintiffs shared at that time, Defendant sought to obtain explanation of benefit paperwork through Co-Plaintiffs' health insurance company, illegally, in order to use this private and protected information against them in family court proceedings.

Co-Plaintiffs have further been negatively impacted by the vast quantity and malicious quality of defamatory material disseminated by the Defendant online, in Springfield Family Court pleadings, in Holyoke District Court pleadings, to the Massachusetts Department of Children and Families, to multiple police departments in both Massachusetts and Rhode Island, and in e-mails and text messages written by the Defendant to various persons, including a child psychologist, family members and the two oldest children of Mr. Paul S. Anthony that he shares custody of with the Defendant, per court order(s). Lastly, upon information and belief, Defendant has recorded numerous phone calls Co-Plaintiffs have had with said two oldest children, phone calls of which the Defendant was not a party to, and she has played at least a portion of these recordings to an attorney appointed to one of the children in the above-referenced Massachusetts Probate Court matter.

## PARTIES

1. Paul S. Anthony and Jessica L. Anthony, are married and both reside, together, in Riverside, Providence County, Rhode Island.

2. Defendant, Shannen M. Anthony, is divorced and resides in Holyoke, Hampden County, Massachusetts.

## JURISDICTION AND VENUE

3. Jurisdiction is based on this court's federal question jurisdiction under 28 U.S.C. § 1331 and its supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

5. Co-Plaintiff, Paul S. Anthony, and Defendant, Shannen M. Anthony, are divorced and have two minor children, whom by order(s) of Hampden County Family and Probate Court, Defendant has physical custody and shared legal custody of the minor children, while Mr. Paul S. Anthony has visitation and parenting time and shared legal custody with the Defendant; the parties have an extensive litigation history surrounding matters pertaining to Mr. Paul S. Anthony's visitation and parenting time and the Defendant's relentless interference and obstruction of the same.

6. Since 2012, Defendant has attempted to secure restraining orders and/or no-harassment/no-contact orders on or against Mr. Paul S. Anthony and his wife of nearly seven years, Jessica L. Anthony, multiple times, and in multiple courts, all either not issued, not extended past the emergency time period and/or outright dismissed or vacated and Co-Plaintiffs assert that all attempts have been based on outright false allegations being made by the Defendant.

3

7. Defendant has told such outrageous falsities to the Massachusetts Department of
   Children in Families (DCF), defaming and slandering Co-Plaintiff, Jessica L. Anthony,
   with respect to her previous employment with the United States Patent and Trademark
   Office, her supervisory patent examiner had to write up a formal letter disputing the
   Defendant's slanderous allegations and said letter was issued directly from said federal
   agency to the DCF.

8. In at least October and November of 2018, Defendant defamed both Co-Plaintiffs to a
   child therapist or psychologist, Alexa Mingano, falsely accusing them of having been
   ordered by DCF at one point to undergo in-home therapy, and Co-Plaintiffs assert that
   has never occurred; Defendant made said false allegations to support her false narrative
   that Co-Plaintiffs have been abusive towards the children Defendant shares custody of
   with Mr. Paul S. Anthony, when Co-Plaintiffs assert that they have never been abusive
   to any children, their own or otherwise.

9. On at least January 10, 2018, the Defendant stole Mr. Paul S. Anthony's identity and
   used the name, birthdate and health insurance identification number of Co-Plaintiff,
   Paul S. Anthony, to fraudulently create an online access identification or log-in name
   on the health insurance portal of the Co-Plaintiffs', without their knowledge or
   permission. Specifically, on January 10, 2018, the Defendant pretended to be Mr. Paul
   S. Anthony, tying said fraudulently created log-in name to Defendant's own private e-
   mail address (jigsawgirl@icloud.com) in order to fraudulently and illegally gain access
   to the online health insurance portal Co-Plaintiffs shared at that time, Defendant
   seeking to obtain explanation of benefit paperwork through Co-Plaintiffs' health

insurance company, illegally, in order to use this private and protected information against them in probate/family court proceedings.

10. On April 25, 2019, Co-Plaintiff, Mr. Paul S. Anthony, filed with the Hampden County Family Court a Complaint for Modification, Case No. HD11D1362DR (herein the "Probate Court Matter"), seeking a change in both legal and physical custody.

11. In July of 2019, the Probate Court appointed Robin Fien-Krevolin, Esq., as counsel to represent one of the aforementioned minor children shared by Mr. Paul S. Anthony and the Defendant through the Hampden County Children's Law Project.

12. In April of 2018, on December 2, 2019, and December 11, 2019, the Defendant recorded phone calls both Co-Plaintiffs have had with Mr. Paul S. Anthony's two oldest children, phone calls of which the Defendant was not a party to, and Defendant has played at least a portion of these recordings to Robin Fien-Krevolin, Esq., the attorney appointed to one of the children in the above-referenced Probate Court Matter.

13. In April of 2018, the Defendant sent Co-Plaintiff, Mr. Paul S. Anthony, a message through their court-ordered communication program, Our Family Wizard, stating that a phone call that she had just terminated between Co-Plaintiffs and one of the minor children had been recorded. Co-Plaintiffs did not consent to Defendant recording their conversations, whether Defendant was a party to them or not, and she was not, and Co-Plaintiffs both view Defendant's behavior in doing so as an invasion of their privacy and threatening.

14. On October 2, 2019, while testifying under oath in the Probate Court Matter, Co-Plaintiff, Mr. Paul S. Anthony, directly asked the Defendant if she had ever recorded his phone calls with their minor children and the Defendant denied ever doing so.

15. At no point from the October 2, 2019 court hearing described above, until on or after December 17, 2019, did the Defendant again mention in any form (e.g., through Our Family Wizard, text, e-mail or verbal communication), that telephone conversations Co-Plaintiffs had with said children were being or would be recorded, either by her or either of said children.

16. Defendant has since filed a motion in the Probate Court Matter alleging that she has indeed recorded Co-Plaintiffs' phone calls, without their knowledge or consent, and she further testified to doing so in a court hearing in the Probate Court Matter on December 20, 2019.

17. During said December 20, 2019 hearing discussed above, counsel appointed in the Probate Court Matter, Robin Fein-Krevolin, Esq., stated that Defendant has played to her the aforementioned illegally obtained telephone recordings and that she knows portions of their contents.

18. In a 7-year long campaign to disparage the Co-Plaintiffs, both children's medical records are replete with slanderous defamation against Co-Plaintiffs said defamation and slander made by the Defendant and Defendant has tried to prevent the Co-Plaintiff, Mr. Paul S. Anthony, from having access to these records multiple times and she's

called the police when he's tried to attend doctor's appointments with her and the minor

children claiming she was "afraid for her life" for no legitimate reason.

19. Since Mr. Paul S. Anthony filed his Complaint for Modification in the Probate Court

Matter on April 25, 2019, the Defendant has made false statements about both Co-

Plaintiffs in e-mails to various persons and on Instagram and Twitter, accusing them

both of being abusive, and making threats, both directly and indirectly, to cause

harassment of Co-Plaintiff, Jessica L. Anthony, and to contact her new employer,

Nelson Mullins Riley & Scarborough in Boston, Massachusetts.

20. On January 2, 2020, Co-Plaintiff, Jessica L. Antony, obtained a Restraining Order

against the Defendant out of Rhode Island Superior Court for her own protection.

21. Co-Plaintiffs assert that the Defendant's invasion of their privacy, defamation, constant

threats to file more false-allegations in multiple courts that are nearly two hours away

from their residence, Defendant's relentless cyber-stalking and unwarranted and

unwelcome cyber-harassment and obstruction of justice occurring in the Probate Court

Matter has negatively impacted both of their performances at their jobs, caused both of

them both to lose concentration and to make mistakes they would not otherwise have

made.

22. In October of 2019, a positive written finding of fact was made in the Probate Court

Matter identifying the current climate of the custody dispute as placing such a burden

on Co-Plaintiff, Paul S. Anthony, that he was let go from his gainful employment as a

restaurant manager.

## CAUSE OF ACTION

### COUNT I
### Stored Communications Act, 18 U.S.C. § 2701, *Et Seq.*

23. Co-Plaintiffs repeat all allegations set forth above as if stated herein.

24. By accessing Co-Plaintiffs' private health insurance online portal through her fraudulent creation of an online access ID on United Healthcare's website (Co-Plaintiffs at the time had health insurance through United Healthcare), pretending to be Mr. Paul S. Anthony, Defendant knowingly and intentionally, without authorization or permission, accessed a facility through which Co-Plaintiffs' electronic explanation of benefit paperwork is provided and thereby obtained and/or altered access to such electronic communications while they were in storage, in violation of 18. U.S.C. § 2701(a).

25. By virtue of the foregoing, Defendant is liable to the Co-Plaintiffs for her violation of 18 U.S.C. § 2701, *et seq.*, in an amount to be determined at trial but in any event, not less than $1,000 per Plaintiff, together with interests, costs, court costs and any attorney's fees that may arise out of this complaint.

26. Furthermore, due to the Defendant's willful and intentional violation of 8 U.S.C. § 2701, *et seq.*, this court is authorized to award, and Co-Plaintiffs specifically seek, punitive damages in an amount this court deems appropriate.

WHEREFORE, Co-Plaintiffs ask that this Court enter judgment against the Defendant awarding them the higher of their actual damages or liquidated damages, plus punitive damages, court fees, counsel fees, costs and interest.

### COUNT II
### Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*

27. Co-Plaintiffs repeat all allegations set forth above as if stated herein.

28. The computer systems of United Healthcare comprise protected computers that are used across state lines and in interstate and/or foreign commerce in communication.

29. By the conduct described above, Defendant intentionally accessed United Healthcare's computer systems, without authorization and while posing as Co-Plaintiff, Mr. Paul S. Anthony, for her own benefit and thereby obtained information from such protected computers and thereby violated 18 U.S.C. § 1030(a)(2)(C).

30. By the conduct described above, Defendant intentionally accessed protected computer systems, without authorization and while posing as Co-Plaintiff, Mr. Paul S. Anthony, for her own benefit and thereby obtained information from such protected computers and thereby violated 18 U.S.C. § 1030(a)(5)(C).

31. Co-Plaintiff's have suffered loss in excess of $5,000 since January 10, 2018, including without limitation, the cost of an attorney to defend Co-Plaintiff, Jessica L. Anthony, against Defendant's relentless false accusations, the cost of therapy for both Co-Plaintiffs for the post-traumatic stress disorder inflicted by the Defendant's actions, and the costs incurred within the Probate Court Matter and to investigate the Defendant's course of improper conduct.

WHEREFORE, Co-Plaintiffs ask that this Court enter judgment against the Defendant awarding them compensatory damages, plus punitive damages, court fees, counsel fees, costs and interest.

## COUNT III
### Massachusetts Wiretap Law, M.G.L. c. 272, § 99

32. Co-Plaintiffs repeat all allegations set forth above as if stated herein.

33. On numerous occasions, the Defendant has recorded phone calls both Co-Plaintiffs have had with Mr. Paul S. Anthony's two oldest children, without their knowledge or consent, phone calls of which the Defendant was not a party to.

34. Defendant has played at least a potion of these recordings to Robin Fien-Krevolin, Esq., the attorney appointed to one of the children in the above-referenced Probate Court Matter in order to defame both Co-Plaintiffs.

35. Defendant's wrongful recording of such conversations without Co-Plaintiffs' consent caused harm to the Co-Plaintiffs, including mental and emotional anguish and loss to their reputation.

36. Pursuant to Mass. Gen. Law. Ch. 272, § 99(Q), Defendant is liable to Co-Plaintiff's for all actual damages but not less than liquidated damages computed at the rate of $100 per day for each day of violations or $1,000, whichever is higher, punitive damages, and reasonable attorney's fees and costs.

WHEREFORE, Co-Plaintiffs request that this Court enter judgment against the Defendant awarding them actual damages, liquidated damages, punitive damages, counsel fees, court costs, interests and costs.

**COUNT IV**
**Massachusetts Privacy Law, M.G.L. c. 214, § 1B**

37. Co-Plaintiffs repeat all allegations set forth above as if stated herein.

38. Co-Plaintiffs had a reasonable expectation of privacy regarding all of their health insurance claims and benefits paid on their medical care stored within their online health insurance portal provided by United Healthcare. They also had a reasonable expectation that no one but them would access their online log-in portal through United

Healthcare and that their telephone conversations with Mr. Paul S. Anthony's two older children would not be recorded.

39. Defendant unreasonably interfered with and violated Co-Plaintiffs' privacy by intentionally, and without authorization, accessing Co-Plaintiffs' explanation of benefits paperwork that contained personal and private information, accessing Co-Plaintiffs' online health insurance portal said paperwork was stored within, and by recording Co-Plaintiffs' telephone calls.

40. Upon information and belief, Defendant provided said recordings to Robin Fien-Krevolin, Esq., as well as to at least one other individual.

41. Defendant acted with the knowledge that Co-Plaintiffs' health insurance portal and any information contained therein, and Co-Plaintiffs' telephone calls with either of said two older children Defendant shares with Co-Plaintiff, Mr. Paul S. Anthony, were of personal and private nature, thereby substantially and seriously interfering with Co-Plaintiffs' right to privacy in violation of Massachusetts Privacy Law, M.G.L. c. 214, § 1B.

42. By virtue of the foregoing, Defendant is liable to Co-Plaintiffs for her violation of M.G.L. c. 214, § 1B, in an amount to be determined at trial but in any event, not less than $1,000 per Plaintiff, together with interests, costs, court costs and any attorney's fees that may arise out of this complaint.

WHEREFORE, Co-Plaintiffs request that this Court enter judgment against the Defendant awarding them for compensatory damages, counsel fees, interests and costs.

### COUNT V
### Intentional Infliction of Emotional Distress

43. Co-Plaintiffs repeat all allegations set forth above as if stated herein.

44. By her conduct described above, Defendant has intended to cause Co-Plaintiffs to suffer emotional distress or knew that emotional distress was the likely result of her conduct.

45. Defendant's conduct has been extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized society.

46. Defendant's conduct was and continues to be of a nature that no reasonable person could be or should be expected to endure.

47. Defendant's conduct has in fact caused both Co-Plaintiffs to suffer severe emotional distress, as they have both suffered a loss of reputation, loss of relationship with the two older children of Co-Plaintiff, Paul S. Antony, and fear that he will lose custody or his parental rights. Both Co-Plaintiffs continue to fear loss of employment and their livlihoods due to the Defendant.

WHEREFORE, Co-Plaintiffs request that this Court enter judgment against the Defendant awarding them for compensatory damages, counsel fees, interests and costs.

## COUNT VI
### Defamation

48. Co-Plaintiffs repeat all allegations set forth above as if stated herein.

49. By her conduct described above, Defendant has made false statements to third parties which have concerned both Co-Plaintiffs.

50. Such statements were defamatory to the reputation of both Co-Plaintiffs, as she has falsely accused them both of fraud, stalking, harassment, child abuse, child neglect, poor parenting, and even criminal acts that neither Co-Plaintiffs have committed.

51. Defendant intentionally has made said statements knowing they were false and defamatory.

52. The publication of such statements has caused both Co-Plaintiffs to suffer harm, including emotional harm and harm to their reputation.

WHEREFORE, Co-Plaintiffs request that this Court enter judgment against the Defendant awarding them for compensatory damages, counsel fees, interests and costs.

## JURY DEMAND

CO-PLAINTIFFS DEMAND A TRIAL BY JURY TO ALL ISSUES SO TRIABLE.

SIGNED under the pains and penalties of perjury.

Dated: 01|06|2020                     Respectfully submitted.

Paul S. Anthony, *pro se*
123 Crown Avenue
Riverside, RI 02915
Cell: 774-312-4886
E-mail: psanthony11@gmail.com

Jessica L. Anthony, *pro se*
123 Crown Avenue
Riverside, RI 02915
Cell: 774-312-4886
E-mail: jess.anthony11@gmail.com